JJD:RAT/PGS
F. #2016R01021

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 02 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

   - against -

EDWIN AMAYA-SANCHEZ,
     also known as "Strong,"
WILLIAM CASTELLANOS,
     also known as "Dizzy" and "Satanico,"
JHONNY CONTRERAS,
     also known as "Muerte," "Reaper" and
     "Conejo,"
REYNALDO LOPEZ-ALVARADO,
     also known as "Mente,"
ELMER ALEXANDER LOPEZ,
     also known as "Smiley," "Little Smiley"
     and "Alex,"
SELVIN CHAVEZ,
     also known as "Flash,"
GERMAN CRUZ,
     also known as "Bad Boy,"
JONATHAN HERNANDEZ,
     also known as "Travieso" and "Kraken,"
████████████████████████
ENRIQUE PORTILLO,
     also known as "Oso" and "Turkey,"
ALEXI SAENZ,
     also known as "Blasty" and "Big Homie,"
JAIRO SAENZ,
     also known as "Funny," and
████████████████████

           Defendants.

– – – – – – – – – – – – – – – – – – – X

**S U P E R S E D I N G**
**I N D I C T M E N T**

Cr. No. 16-403 (S-2)(JFB)
(T. 18, U.S.C., §§ 844(h)(1),
924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(c)(1)(C),
924(j)(1), 1512(k), 1959(a)(1),
1959(a)(3), 1959(a)(5), 1959(a)(6),
1962(c), 1962(d), 1963, 2, 3 and
3551 et seq.; T. 21, U.S.C., §§ 846 and
841(b)(1)(D))

THE GRAND JURY CHARGES:

## INTRODUCTION TO ALL COUNTS

At all times relevant to this Superseding Indictment:

### The Enterprise

1.      La Mara Salvatrucha, also known as the MS-13, (hereinafter the "MS-13" or the "enterprise") was a criminal organization comprised primarily of immigrants from Central America, with members located throughout Long Island, New York, Queens, New York and elsewhere.  Members and associates of the MS-13 have engaged in acts of violence, including murder, attempted murder, robbery and assault, as well as other criminal activity, including narcotics trafficking, extortion, witness tampering and witness retaliation.

2.      The defendants EDWIN AMAYA-SANCHEZ, also known as "Strong," WILLIAM CASTELLANOS, also known as "Dizzy" and "Satanico," JHONNY CONTRERAS, also known as  "Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," SELVIN CHAVEZ, also known as "Flash," GERMAN CRUZ, also known as "Bad Boy," JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," ███████████ ███████████████ ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ, also known as "Funny," and ██████████████████████ were members and associates of the MS-13.

3.      The MS-13, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that

2

is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

4.      The purposes of the enterprise included the following:

a.      Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

b.      Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

c.      Keeping victims and rivals in fear of the enterprise and its members and associates.

d.      Enriching the members and associates of the enterprise through criminal activity, including robbery, extortion and narcotics trafficking.

e.      Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

### Means and Methods of the Enterprise

5.      Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

3

a.      Members of the MS-13 and their associates committed,

attempted to commit and threatened to commit acts of violence, including murder, attempted

murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the

enterprise's criminal operations.

b.      Members of the MS-13 and their associates used and threatened

to use physical violence against various individuals, including members of rival criminal

organizations and MS-13 members who violated the enterprise's rules.

c.      Members of the MS-13 and their associates used, attempted to

use and conspired to use robbery, extortion and narcotics trafficking as means of obtaining

money.

COUNT ONE
(Racketeering)

6.      The allegations contained in paragraphs one through five are realleged

and incorporated as if fully set forth in this paragraph.

7.      On or about and between January 1, 2012 and the date of this

Superseding Indictment, both dates being approximate and inclusive, within the Eastern Dis-

trict of New York and elsewhere, the defendants JHONNY CONTRERAS, also known as

"Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as

"Mente," ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and

"Alex," SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as

"Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO

SAENZ, also known as "Funny," together with others, being persons employed by and

associated with the MS-13, an enterprise engaged in, and the activities of which affected,

4

interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
(Conspiracy to Murder Rival Gang Members and Attempted Murder of John Doe #1)

8.  The defendant REYNALDO LOPEZ-ALVARADO, together with others, committed the following acts, either one of which alone constitutes Racketeering Act One:

A.  Conspiracy to Murder

9.  In or about April 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.  Attempted Murder of John Doe #1

10. On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

5

RACKETEERING ACT TWO
(Conspiracy to Murder Rival Gang Members and Murder of Derrick Mayes)

11.     The defendant JHONNY CONTRERAS, together with others,

committed the following acts, either one of which alone constitutes Racketeering Act

Two:

A.     <u>Conspiracy to Murder</u>

12.     In or about May 2013, within the Eastern District of New York, the

defendant JHONNY CONTRERAS, together with others, did knowingly and intentionally

conspire to cause the death of rival gang members, in violation of New York Penal Law

Sections 125.25(1) and 105.15.

B.     <u>Murder of Derrick Mayes</u>

13.     On or about May 26, 2013, within the Eastern District of New York,

the defendant JHONNY CONTRERAS, together with others, with intent to cause the

death of another person, to wit: Derrick Mayes, did knowingly and intentionally cause his

death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT THREE
(Conspiracy to Murder Rival Gang Members and Murder of Keenan Russell)

14.     The defendant JHONNY CONTRERAS, together with others,

committed the following acts, either one of which alone constitutes Racketeering Act

Three:

A.     <u>Conspiracy to Murder</u>

15.     In or about May 2013, within the Eastern District of New York, the

defendant JHONNY CONTRERAS, together with others, did knowingly and intentionally

6

conspire to cause the death of rival gang members, in violation of New York Penal Law
Sections 125.25(1) and 105.15.

      B.    <u>Murder of Keenan Russell</u>

      16.    On or about May 28, 2013, within the Eastern District of New York,
the defendant JHONNY CONTRERAS, together with others, with intent to cause the
death of another person, to wit: Keenan Russell, did knowingly and intentionally cause his
death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT FOUR
(Conspiracy to Commit Obstruction of Justice, Conspiracy to Commit Arson, and Arson)

      17.    The defendants JHONNY CONTRERAS and REYNALDO
LOPEZ-ALVARADO, together with others, committed the following acts, any one of
which alone constitutes Racketeering Act Four:

      A.    <u>Conspiracy to Commit Obstruction of Justice</u>

      18.    In or about May 2013, within the Eastern District of New York, the
defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together
with others, did knowingly, intentionally and corruptly conspire to: (a) alter, destroy,
mutilate and conceal an object, to wit: a 2003 Ford Windstar van, with the intent to
impair the object's integrity and availability for use in an official proceeding, contrary to
Title 18, United States Code, Section 1512(c)(1); and (b) obstruct, influence and impede
an official proceeding, by agreeing to conceal evidence of such murders, to wit: a 2003
Ford Windstar van, contrary to Title 18, United States Code, Section 1512(c)(2), in
violation of Title 18, United States Code, Section 1512(k).

7

B.    <u>Arson Conspiracy</u>

19.    On or about May 30, 2013, within the Eastern District of New York, the defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together with others, did knowingly and intentionally conspire to damage a motor vehicle, to wit: a 2003 Ford Windstar van, by starting a fire, in violation of New York Penal Law Sections 150.10 and 105.10.

C.    <u>Arson</u>

20.    On or about May 30, 2013, within the Eastern District of New York, the defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together with others, did knowingly and intentionally damage a motor vehicle, to wit: a 2003 Ford Windstar van, by starting a fire, in violation of New York Penal Law Sections 150.10 and 20.00.

<u>RACKETEERING ACT FIVE</u>
(Conspiracy to Murder Jose Pena and Murder of Jose Pena)

21.    The defendant ELMER ALEXANDER LOPEZ, together with others, committed the following acts, either one of which constitutes Racketeering Act Five:

A.    <u>Conspiracy to Murder Jose Pena</u>

22.    In or about and between May 2016 and June 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ELMER ALEXANDER LOPEZ, together with others, did knowingly and intentionally conspire to cause the death of Jose Pena, in violation of New York Penal Law Sections 125.25(1) and 105.15.

8

B.     Murder of Jose Pena

23.     On or about June 3, 2016, within the Eastern District of New York and elsewhere, the defendants ELMER ALEXANDER LOPEZ, together with others, with intent to cause the death of another person, to wit: Jose Pena, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT SIX
(Conspiracy to Murder Rival Gang Members and Attempted Murder of John Doe #2)

24.     The defendant ELMER ALEXANDER LOPEZ, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Six:

A.     Conspiracy to Murder

25.     On or about and between June 2016 and July 2016, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Attempted Murder of John Doe #2

26.     In or about June 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #2, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

C.     Attempted Murder of John Doe #2

27.     On or about July 3, 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT SEVEN
(Conspiracy to Murder Kayla Cuevas and Murder of Kayla Cuevas)

28.     The defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Seven:

A.     Conspiracy to Murder

29.     In or about September 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, did knowingly and intentionally conspire to cause the death of Kayla Cuevas, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Murder

30.     On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, with intent to cause the death of another person, to wit: Kayla Cuevas, did knowingly and intentionally cause her death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

10

## RACKETEERING ACT EIGHT
(Conspiracy to Murder Nisa Mickens and Murder of Nisa Mickens)

31.     The defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Eight:

A.     Conspiracy to Murder

32.     On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, did knowingly and intentionally conspire to cause the death of Nisa Mickens, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Murder

33.     On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, with intent to cause the death of another person, to wit: Nisa Mickens, did knowingly and intentionally cause her death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT NINE
(Conspiracy to Distribute Marijuana)

34.     In or about and between April 2016 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, did knowingly and intentionally conspire

11

to distribute and possess with intent to distribute a controlled substance for remuneration, which offense involved a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), in violation of Title 21, United States Code, Section 846.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 <u>et seq</u>.)

COUNT TWO
(Racketeering Conspiracy)

35.   The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

36.   On or about and between January 1, 2012 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, being persons employed by and associated with the MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

12

37.    The pattern of racketeering activity through which the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth in paragraphs eight through 34 of Count One of this Superseding Indictment, as Racketeering Acts One through Nine, which are realleged and incorporated as if fully set forth in this paragraph.  Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Murder Rival Gang Members)

38.    At all times relevant to this Superseding Indictment, the MS-13, as more fully described in paragraphs one through five, which are realleged and incorporated as if fully set forth herein, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

13

39.     At all times relevant to this Superseding Indictment, the MS-13,
through its members and associates, engaged in racketeering activity, as defined in Title 18,
United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving
murder, extortion and robbery, that are chargeable under New York Penal Law and
punishable by imprisonment for more than one year, acts indictable under Title 18, United
States Code, Sections 1512 (relating to tampering with a witness, victim or informant) and
1513 (relating to retaliating against a witness, victim or informant), and offenses involving
narcotics trafficking, punishable under Title 21, United States Code, Sections 841 and 846.

40.     In or about April 2013, within the Eastern District of New York, the
defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with
others, for the purpose of gaining entrance to and maintaining and increasing position in the
MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally
conspire to murder one or more rival gang members, in violation of New York Penal Law
Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT FOUR
(Attempted Murder of John Doe #1)

41.     The allegations contained in paragraphs one through five and 38
through 39 are realleged and incorporated as if fully set forth in this paragraph.

42.     On or about April 9, 2013, within the Eastern District of New York, the
defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with
others, for the purpose of gaining entrance to and maintaining and increasing position in the
MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

14

attempt to murder John Doe #1, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT FIVE
(Assault of John Doe #1 with Dangerous Weapons)

43.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

44.     On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #1 with one or more dangerous weapons, to wit: a 20-gauge shotgun and a .25 caliber handgun, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT SIX
(Brandishing and Discharge of Firearms During Crimes of Violence:
Murder Conspiracy, Attempted Murder and Assault of John Doe #1)

45.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

46.     On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Three, Four

15

and Five, and did knowingly and intentionally possess one or more firearms in furtherance of

such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SEVEN
### (Conspiracy to Murder Rival Gang Members)

47.    The allegations contained in paragraphs one through five and 38

through 39 are realleged and incorporated as if fully set forth in this paragraph.

48.    In or about May 2013, within the Eastern District of New York, the

defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally conspire to murder one or more rival gang members, in violation of New York

Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT EIGHT
### (Murder of Derrick Mayes)

49.    The allegations contained in paragraphs one through five and 38

through 39 are realleged and incorporated as if fully set forth in this paragraph.

50.    On or about May 26, 2013, within the Eastern District of New York,

the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

16

intentionally murder Derrick Mayes, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT NINE
(Brandishing and Discharge of Firearms During Crimes of Violence:
Derrick Mayes Murder and Murder Conspiracy)

51.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

52.     On or about May 26, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Seven and Eight, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TEN
(Causing the Death of Derrick Mayes Through the Use of a Firearm)

53.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

54.     On or about May 26, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, in the course of a violation of Title 18, United States Code, Section

17

924(c), to wit: the crime charged in Count Nine, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Derrick Mayes willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT ELEVEN
(Conspiracy to Murder Rival Gang Members)

55.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

56.     In or about May 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWELVE
(Murder of Keenan Russell)

57.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

58.     On or about May 28, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

18

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally murder Keenan Russell, in violation of New York Penal Law Sections

125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT THIRTEEN
(Brandishing and Discharge of Firearms During Crimes of Violence:
Keenan Russell Murder and Murder Conspiracy)

59.     The allegations contained in paragraphs one through five and 38

through 39 are realleged and incorporated as if fully set forth in this paragraph.

60.     On or about May 28, 2013, within the Eastern District of New York,

the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

together with others, did knowingly and intentionally use and carry one or more firearms

during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts

Eleven and Twelve, and did knowingly and intentionally possess one or more firearms in

furtherance of such crimes of violence, one or more of which firearms was brandished and

discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

19

## COUNT FOURTEEN
(Causing the Death of Keenan Russell
Through the Use of a Firearm)

61.     The allegations contained in paragraphs one through five and 38

through 39 are realleged and incorporated as if fully set forth in this paragraph.

62.     On or about May 28, 2013, within the Eastern District of New York,

the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

together with others, in the course of a violation of Title 18, United States Code, Section

924(c), to wit: the crime charged in Count Thirteen, did knowingly and intentionally cause

the death of a person through the use of a firearm, which killing was a murder as defined in

Title 18, United States Code, Section 1111(a), in that the defendant, together with others,

with malice aforethought, did unlawfully kill Keenan Russell willfully, deliberately,

maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Accessory After the Fact)

63.     On or about and between May 28, 2013 and May 30, 2013, both dates

being approximate and inclusive, within the Eastern District of New York, the defendant

REYNALDO LOPEZ-ALVARADO, also known as "Mente," knowing that one or more

offenses against the United States had been committed, to wit: the offenses charged in

Counts Eleven, Twelve, Thirteen and Fourteen, did knowingly and intentionally receive and

assist one or more offenders, in order to hinder and prevent the offenders' apprehension, trial

and punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

20

## COUNT SIXTEEN
(Conspiracy to Commit Obstruction of Justice)

64.     In or about May 2013, within the Eastern District of New York, the

defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," and

REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, did

knowingly, intentionally and corruptly conspire to: (a) alter, destroy, mutilate and

conceal an object, to wit: a 2003 Ford Windstar van, with the intent to impair the object's

integrity and availability for use in an official proceeding, contrary to Title 18, United

States Code, Section 1512(c)(1); and (b) obstruct, influence and impede an official

proceeding, by agreeing to conceal evidence of such murders, to wit: a 2003 Ford Windstar

van, contrary to Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT SEVENTEEN
(Use of Fire to Commit a Felony)

65.     On or about May 30, 2013, within the Eastern District of New York,

the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

and REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, did

knowingly and intentionally use fire to commit a felony prosecutable in a court of the United

States, to wit: the crime charged in Count Sixteen.

(Title 18, United States Code, Sections 844(h)(1), 2 and 3551 et seq.)

21

## COUNT EIGHTEEN
(Conspiracy to Murder Jose Lainez-Murcia)

66.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

67.     In or about July 2014, within the Eastern District of New York and elsewhere, the defendant EDWIN AMAYA-SANCHEZ, also known as "Strong," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Jose Lainez-Murcia, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT NINETEEN
(Murder of Jose Lainez-Murcia)

68.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

69.     On or about July 14, 2014, within the Eastern District of New York and elsewhere, the defendant EDWIN AMAYA-SANCHEZ, also known as "Strong," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jose Lainez-Murcia, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

22

COUNT TWENTY
(Brandishing and Discharge of Firearms During Crimes of Violence:
Jose Lainez-Murcia Murder and Murder Conspiracy)

70.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

71.     On or about July 14, 2014, within the Eastern District of New York and elsewhere, the defendant EDWIN AMAYA-SANCHEZ, also known as "Strong," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Eighteen and Nineteen, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT TWENTY-ONE
(Causing the Death of Jose Lainez-Murcia
Through the Use of Firearms)

72.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

73.     On or about July 14, 2014, within the Eastern District of New York and elsewhere, the defendant EDWIN AMAYA-SANCHEZ, also known as "Strong," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Twenty, did knowingly and intentionally cause the death of a person through the use of one or more firearms, which killing was a murder as defined in

23

Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Jose Lainez-Murcia willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

COUNT TWENTY-TWO
(Conspiracy to Murder Jonathan Cardona-Hernandez)

74.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

75.     In or about June 2015, within the Eastern District of New York, the defendant WILLIAM CASTELLANOS, also known as "Dizzy" and "Satanico," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Jonathan Cardona-Hernandez, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT TWENTY-THREE
(Murder of Jonathan Cardona-Hernandez)

76.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

77.     On or about June 30, 2015, within the Eastern District of New York, the defendant WILLIAM CASTELLANOS, also known as "Dizzy" and "Satanico," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

24

murder Jonathan Cardona-Hernandez, in violation of New York Penal Law Sections
125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT TWENTY-FOUR
(Brandishing and Discharge of Firearms During Crimes of Violence:
Jonathan Cardona-Hernandez Murder and Murder Conspiracy)

78.     The allegations contained in paragraphs one through five and 38
through 39 are realleged and incorporated as if fully set forth in this paragraph.

79.     On or about June 30, 2015, within the Eastern District of New York,
the defendant WILLIAM CASTELLANOS, also known as "Dizzy" and "Satanico," together
with others, did knowingly and intentionally use and carry one or more firearms during and
in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twenty-
Two and Twenty-Three, and did knowingly and intentionally possess one or more firearms in
furtherance of such crimes of violence, one or more of which firearms was brandished and
discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWENTY-FIVE
(Causing the Death of Jonathan Cardona-Hernandez
Through the Use of Firearms)

80.     The allegations contained in paragraphs one through five and 38
through 39 are realleged and incorporated as if fully set forth in this paragraph.

81.     On or about June 30, 2015, within the Eastern District of New York,
the defendant WILLIAM CASTELLANOS, also known as "Dizzy" and "Satanico," together

25

with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Twenty-Four, did knowingly and intentionally cause the death of a person through the use of one or more firearms, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Jonathan Cardona-Hernandez willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT TWENTY-SIX
(Conspiracy to Commit Assault with Dangerous Weapons Against
Jane Doe and John Doe #3)

82.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

83.     In or about October 2015, within the Eastern District of New York, the defendant JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to assault Jane Doe and John Doe #3, both of whom are individuals whose identities are known to the Grand Jury, with one or more dangerous weapons, to wit: baseball bats and pipes, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(6) and 3551 et seq.)

## COUNT TWENTY-SEVEN
(Assault of Jane Doe with Dangerous Weapons)

84.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

26

85.     On or about October 7, 2015, within the Eastern District of New York, the defendant JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe with one or more dangerous weapons, to wit: baseball bats and pipes, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TWENTY-EIGHT
(Assault of John Doe #3 with Dangerous Weapons)

86.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

87.     On or about October 7, 2015, within the Eastern District of New York, the defendant JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #3 with one or more dangerous weapons, to wit: baseball bats and pipes, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TWENTY-NINE
(Conspiracy to Murder Jose Pena)

88.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

89.     In or about and between May 2016 and June 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

27



defendants ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," GERMAN CRUZ, also known as "Bad Boy," ███████████ ███████████ and ███████████████ together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Jose Pena, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT THIRTY
(Murder of Jose Pena)

90.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

91.     On or about June 3, 2016, within the Eastern District of New York and elsewhere, the defendants ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," ████████████████████████ and ██████ ███████████████ together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jose Pena, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT THIRTY-ONE
(Conspiracy to Murder Rival Gang Members)

92.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

93.     In or about and between June 2016 and July 2016, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT THIRTY-TWO
(Attempted Murder of John Doe #2)

94.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

95.     In or about June 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT THIRTY-THREE
(Attempted Murder of John Doe #2)

96.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

97.     On or about July 3, 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT THIRTY-FOUR
(Assault of John Doe #2 with a Dangerous Weapon)

98.     The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

99.     On or about July 3, 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #2 with a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

30

COUNT THIRTY-FIVE
(Brandishing and Discharge of a Firearm During Crimes of Violence:
Murder Conspiracy, Attempted Murder and Assault of John Doe #2)

100.    The allegations contained in paragraphs one through five and 38
through 39 are realleged and incorporated as if fully set forth in this paragraph.

101.    On or about July 3, 2016, within the Eastern District of New York, the
defendant ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and
"Alex," together with others, did knowingly and intentionally use and carry one or more
firearms during and in relation to one or more crimes of violence, to wit: the crimes charged
in Counts Thirty-One, Thirty-Three and Thirty-Four, and did knowingly and intentionally
possess one or more firearms in furtherance of such crimes of violence, one or more of which
firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT THIRTY-SIX
(Conspiracy to Murder Kayla Cuevas)

102.    The allegations contained in paragraphs one through five and 38
through 39 are realleged and incorporated as if fully set forth in this paragraph.

103.    In or about September 2016, within the Eastern District of New York
and elsewhere, the defendants SELVIN CHAVEZ, also known as "Flash," ENRIQUE
PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty"
and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, for the
purpose of gaining entrance to and maintaining and increasing position in the MS-13, an

31

enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Kayla Cuevas, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT THIRTY-SEVEN
(Murder of Kayla Cuevas)

104.    The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

105.    On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Kayla Cuevas, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT THIRTY-EIGHT
(Conspiracy to Murder Nisa Mickens)

106.    The allegations contained in paragraphs one through five and 38 through 39 are realleged and incorporated as if fully set forth in this paragraph.

107.    On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, for the

32

purpose of gaining entrance to and maintaining and increasing position in the MS-13, an

enterprise engaged in racketeering activity, did knowingly and intentionally conspire to

murder Nisa Mickens, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT THIRTY-NINE
(Murder of Nisa Mickens)

108.    The allegations contained in paragraphs one through five and 38

through 39 are realleged and incorporated as if fully set forth in this paragraph.

109.    On or about September 13, 2016, within the Eastern District of New

York and elsewhere, the defendants SELVIN CHAVEZ, also known as "Flash," ENRIQUE

PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty"

and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, for the

purpose of gaining entrance to and maintaining and increasing position in the MS-13, an

enterprise engaged in racketeering activity, did knowingly and intentionally murder Nisa

Mickens, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT FORTY
(Accessory After the Fact)

110.    On or about September 13, 2016, within the Eastern District of New

York, the defendants ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO

SAENZ, also known as "Funny," knowing that one or more offenses against the United

States had been committed, to wit: the offenses charged in Counts Thirty-Six, Thirty-Seven,

33

Thirty-Eight and Thirty-Nine, did knowingly and intentionally receive and assist one or more

offenders, in order to hinder and prevent the offenders' apprehension, trial and punishment.

(Title 18, United States Code. Sections 3 and 3551 et seq.)

## COUNT FORTY-ONE
(Conspiracy to Distribute Marijuana)

111.    In or about and between April 2016 and the date of this Superseding

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants SELVIN CHAVEZ, also known as "Flash,"

JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," ENRIQUE

PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty"

and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, did

knowingly and intentionally conspire to distribute and possess with intent to distribute a

controlled substance for remuneration, which offense involved a substance containing

marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code,

Sections 841(a)(1) and 841(b)(1)(D).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United

States Code, Sections 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

34