

May 10, 2019

Via ECF and Email

Justina L. Geraci, AUSA
John Durham, AUSA
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11772

        Re:    USA vs. Jonathan Hernandez
                  16-cr-403

Dear Ms. Geraci and Mr. Durham:

      Count 29 of the above referenced Indictment alleges that "on or about April 29, 2016" Jonathan Hernandez, Alexi Saenz, Jairo Saenz, Nelson Argueta-Quintanilla, and Kevin Torres murdered Oscar Acosta. The Rule 16 discovery produced by the Government to date, as well as the Government's *Brady v. Maryland* disclosure of February 8, 2019, does not reveal the exact date that the Government alleges that the defendants caused the death of Oscar Acosta.

      At trial, the Government will certainly rely upon the testimony of one or more cooperating witnesses in order to prove that Jonathan Hernandez murdered Oscar Acosta.

      To the extent that any cooperating witness has already provided the Government with information related to Jonathan Hernandez's role in the murder of Oscar Acosta we request that the Government provide us with the following information:

- Any information from the cooperating witness(es) describing the role of Jonathan Hernandez in the murder of Oscar Acosta;

- Any information from the cooperating witness(es) describing each of the the individual rolls of Alexi Saenz, Jairo Saenz, Nelson Argueta-Quintanilla, and Kevin Torres in the murder of Oscar Acosta;

- Any information from the cooperating witness(es) describing Jonathan Hernandez's role in the murder of Oscar Acosta in comparison to the roles of Alexi Saenz, Jairo Saenz, Nelson Argueta-Quintanilla, and Kevin Torres; and

- Any information regarding whether another defendant or defendants, equally culpable in the crime, will not be punished by death.

See 18 U.S.C. §§ 3592(a)(3), 3592(a)(4).

There may be information in the cell phone seized from Jonathan Hernandez that may contain exculpatory evidence, such as, information that supports an alibi defense. As such, in additon to disclosure of the above testimonial information we also request disclosure of:

- The cell phone (or a forensic copy of the cell phone) seized from Jonathan Hernandez on the day of his arrest; and

- The exact date, time, and place that the cooperating witness(es) has (have) alleged that Jonathan Hernandez committed the murder;

The Government can provide the requested information without revealing the identity of the cooperating witness(es). If the cooperating witness(es) allege that Jonathan Hernandez committed a crime at a time and place which Jonathan Hernandez could not possibly have been present then the disclosure of the specific date, time and place would be unequivocally exculpatory, and therefore failure to disclose the requested information would violate *Brady* and its progeny by preventing Jonathan Hernandez from determining whether he has a viable alibi defense.

If there is more than one cooperating witness and the cooperating witnesses provided conflicting dates as to when Jonathan Hernandez committed any crime, then that evidence is exculpatory. *See United States v. Mahaffy*, 693 F.3d 113, 130 (2d Cir. 2012) (defining *Brady* material to include evidence that is "inculpatory as well as exculpatory," when "its exculpatory character harmonize[s] with the theory of the defense case") (internal quotation marks and citation omitted).

The request for information from the cooperating witness(es) describing the comparative roles of the five defendants in the murder of Oscar Acosta is likewise discoverable pursuant to *Brady*; indeed, it was the specific type of information at issue in *Brady*. Jonathan Hernandez's comparatively minor role in the murder of Oscar Acosta would be favorable to the defense in either the death penalty authorization phase or in the penalty phase of this case, *see*

---

<u>18 U.S.C. § 3592(a)(3),</u> and is therefore discoverable immediately so that we may have sufficient time to incorporate that information into our mitigation submission to the Capital Case Unit.  For the same reason so too would information regarding equally culpable defendants not facing the death penalty. *See* 18 U.S.C. 3592(a)(4).

Finally, to date we have yet to receive a response to our last discovery letter, dated, January 29, 2019, a copy of which is attached hereto for your convenience.  Kindly provide the information requested on January 29, 2019, as well as the information listed above, within 10 days of the date of this letter.

        Very truly yours,

        */s/Thomas Ambrosio*
        */s/Michael K. Bachrach*
        Thomas Ambrosio
        Michael K. Bachrach
        *Attorneys for Jonathan Hernandez*

LAW OFFICE OF

## MICHAEL K. BACHRACH

276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *　　　　　　　　　　　　　　　　　　　　　　　　　　　http://www.mbachlaw.com
* admitted in N.Y., MN and D.C.　　　　　　　　　　　　　　　　　　　　　　　michael@mbachlaw.com

January 29, 2019

**By Email**

AUSA John Durham
U.S. Attorney's Office
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

　　　　　　　　　　　　　　*Re: United States v. Jonathan Hernandez,*
　　　　　　　　　　　　　　*16 Cr. 403 (S-6) (JFB)*

Dear AUSA Durham:

　　　We represent Defendant Jonathan Hernandez in the above-referenced matter and write to make certain specific discovery requests pursuant to Rule 16 of the Federal Rules of Evidence, Brady v. Maryland, 373 U.S. 83 (1963), Kyles v. Whitley, 514 U.S. 419 (1995), and United States v. Mahaffy, 693 F.3d 113 (2d Cir. 2012).

　　　To the extent not previously disclosed, please provide us with the following:

- Any and all outstanding police reports related to: the April 29, 2016, incident and related conspiracies charged in Count 1 (Racketeering Act 9), Count Two, Count 28, and Count 29, of the Sixth Superseding Indictment; the August 10, 2016, incident and related conspiracies charged in Count 1 (Racketeering Act 12), Count 2, Count 41, Count 42, and Count 43, of the Sixth Superseding Indictment; and the conspiracies to distribute cocaine and marijuana charged in Count 1 (Racketeering Act 20), Count 2, and Count 67 of the Sixth Superseding Indictment; including, but not limited to, the complaint reports, any investigative summaries, follow-up investigative summaries, and outstanding case supplemental narrative reports related thereto.

- Any and all outstanding police reports of interviews of witnesses identifying Jonathan Hernandez as being involved in the April 29, 2016 death of Oscar Acosta, including any reporters indicating his alleged role in the offense.

- Any and all outstanding police reports of interviews of witnesses identifying anyone other than Jonathan Hernandez as being involved in the April 29, 2016 death of Oscar Acosta, including any reports indicating their alleged roles in the offense.

AUSA John Durham
January 29, 2019
Page 2 of 2

- A copy of the police Crime Scene Report related to the death of Oscar Acosta. This is to include, but not be limited to, any reports indicating the locations where ballistics evidence was recovered, the location of recovered latent fingerprints, serology samples, and any other forensic evidence recovered in connection with the death of Oscar Acosta.

- Any and all outstanding police reports of interviews of witnesses identifying Jonathan Hernandez as being involved in the August 10, 2016 attempted murder of rival gang members, including any reporters indicating his alleged role in the offense.

- Any and all outstanding police reports of interviews of witnesses identifying anyone other than Jonathan Hernandez as being involved in the August 10, 2016 attempted murder of rival gang members, including any reports indicating their alleged roles in the offense.

- A copy of the police Crime Scene Report related to the April 29, 2016 death of Oscar Acosta and the August 10, 2016 attempted murder of rival gang members. This is to include, but not be limited to, any reports indicating the locations where ballistics evidence was recovered, the location of recovered latent fingerprints, serology samples, and any other forensic evidence recovered in connection with either offense.

- A copy of any crime scene sketch that was prepared in connection with the aforementioned investigations.

- A copy of all lab reports depicting fingerprint, serology, and/or DNA analysis related to the aforementioned investigations.

- Any reports of DNA analysis related to the aforementioned investigations, not covered by the specific requests above.

- All individual discovery related to the Sixth Superseding Indictment as pertaining to Jonathan Hernandez.

Additionally, to ensure that present counsel have a complete set of the discovery previously provided to prior counsel, please provide the undersigned with a complete set of the individual and global discovery disclosed to prior counsel in relation to the Second Superseding Indictment, including, specifically in relation to, Counts 26, 27, 28, and 41, of the Second Superseding Indictment.

Respectfully submitted,

/S/

Michael K. Bachrach
Thomas Ambrosio
*Attorneys for Jonathan Hernandez*