MANDATE

24-352-cr
*United States v. Hernandez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-five.

PRESENT:
        JOSÉ A. CABRANES,
        REENA RAGGI,
        MARIA ARAÚJO KAHN,
            *Circuit Judges*,

---

UNITED STATES OF AMERICA,

        *Appellee*,

v.                                                                                                                24-352-cr

JONATHAN HERNANDEZ, AKA Travieso, AKA Kraken,

        *Defendant-Appellant*.*

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

MANDATE ISSUED ON 03/19/2025

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | MICHAEL K. BACHRACH, Law Office of Michael K. Bachrach, New York, NY. |
| FOR APPELLEE: | JUSTINA L. GERACI (David C. James, *on the brief*), Assistant United States Attorneys, *for* Carolyn Pokorny, Acting United States Attorney for the Eastern District of New York, New York, NY. |

Appeal from the February 1, 2024 judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Jonathan Hernandez ("Hernandez") appeals from the district court's judgment of conviction following his guilty plea to one count of racketeering, in violation of 18 U.S.C. § 1962(c). Hernandez contends that the government breached his plea agreement and challenges the substantive reasonableness of his below-Guidelines 520-month sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

### I.   Breach of Plea Agreement

Hernandez asserts that the government breached his plea agreement by seeking a

2

higher Guidelines calculation at sentencing than had been stipulated to in his plea agreement. In particular, Hernandez faults the government for arguing in support of a Probation-recommended two-level enhancement to his Guidelines offense level pursuant to U.S.S.G. § 3A1.3.[1] He submits that because that enhancement was not accounted for in the plea agreement's Guidelines calculation, the government violated his reasonable sentencing expectations. We are unconvinced.

In assessing Hernandez's claim, "[w]e review [his] plea agreement in accordance with principles of contract law and look to what the parties reasonably understood to be the terms of the agreement." *United States v. Rivera*, 115 F.4th 141, 146 (2d Cir. 2024) (quoting *United States v. Sealed Defendant One*, 49 F.4th 690, 696 (2d Cir. 2022)). In doing so, we look to "the precise terms of the plea agreement[] and to the parties' behavior." *Id.* (quoting *United States v. Helm*, 58 F.4th 75, 83 (2d Cir. 2023)). Where, as here, a defendant properly preserves his claim, "we review the argument that the [g]overnment breached [the] plea agreement for harmless error." *United States v. Wilson*, 920 F.3d 155, 162 (2d Cir. 2019).

Here, we discern no breach of Hernandez's plea agreement, which explicitly states that "[t]he Guidelines *estimate* set forth in paragraph 2 is *not binding* on the [U.S.

---

[1] Section 3A1.3 provides that "[i]f a victim was physically restrained in the course of the offense," the defendant's offense level is "increase[d] by 2 levels." It is undisputed that Oscar Acosta was physically restrained during his April 29, 2016 murder, to which Hernandez pleaded guilty.

3

Attorney's] Office, the Probation Department or the Court." App'x 143 (emphasis added). Moreover, the plea agreement specifies that the government "will not be deemed to have breached this agreement" if "the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate." *Id.*

Furthermore, the government's sentencing submission and conduct at the sentencing hearing are entirely consistent with the precise terms of the plea agreement. The government argued for the application of the two-level restraint enhancement—which was first identified and recommended by Probation in the Presentence Report ("PSR") dated October 17, 2022—admitting that its failure to include the adjustment in the plea agreement was an "oversight," App'x 191, and a "mistake," Gov't Br. at 18.[2] Indeed, at sentencing, the government emphasized that it could not "fact bargain" with respect to the enhancement's application, and that "the stipulated agreement on guidelines in the plea agreement is nonbinding on the [g]overnment." *Id.* at 199. Ultimately, Hernandez "offers no persuasive explanation of how the plea agreement could be breached by conduct it expressly permitted." *Sealed Defendant One*, 49 F.4th at 696; *see also United States v. Habbas*, 527 F.3d 266, 270 (2d Cir. 2008) (identifying no breach

---

[2] It is undisputed that relevant facts were known to the government at the time of sentencing on January 31, 2024, given that the government made an offer of proof at Hernandez's May 31, 2022, change of plea hearing that MS-13 members "bound [Acosta's] hands and feet." App'x 171. Nonetheless, because the record does not indicate that the government acted in bad faith, we identify no gamesmanship.

4

when plea agreement "warned in several ways that the government was likely to advocate for higher sentence" than estimated).

Even if we were to assume *arguendo* that the government's conduct breached the plea agreement, any error was harmless. Hernandez did not contest the applicability of the enhancement, and the district court indicated that it had no choice but to apply it in its independent calculation of the Guidelines. That suggests that the government's advocacy had no impact on the final Guidelines calculation. What's more, the district court clearly stated at sentencing that "even if the guidelines were to change, or if this Court has erred in calculating those guidelines in some fashion, the sentence imposed today would remain this Court's considered determination." App'x 214; *see United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (holding any Guidelines error harmless where district court stated it would impose the same sentence based on independent assessment of Section 3553(a) factors).

Thus, we conclude that the government did not breach Hernandez's plea agreement, and that even if it had, any error was harmless.

## II. Substantive Reasonableness

Hernandez next contends that his 520-month sentence was substantively unreasonable because (1) the district court did not afford sufficient weight to his mitigating circumstances, (2) there are unwarranted disparities between his sentence and those of his co-defendants, and (3) the government itself recommended a lower sentence.

5

Aguiar's arguments are without merit.

This Court reviews the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Gates*, 84 F.4th 496, 505 (2d Cir. 2023) (quoting *United States v. Portillo*, 981 F.3d 181, 184 (2d Cir. 2020)).[3]  Under that standard, a sentence is substantively unreasonable where it "cannot be located within the range of permissible decisions," *United States v. Davis*, 82 F.4th 190, 199 (2d Cir. 2023) (quoting *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (per curiam)), because it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Mumuni*, 946 F.3d 97, 107 (2d Cir. 2019) (quoting *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam)). In conducting the substantive reasonableness review, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016) (quoting *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2014)).

In arguing that the district court failed to afford sufficient weight to mitigating factors, Hernandez ignores that "[t]he particular weight" placed on such factors "'is a matter firmly committed to the discretion of the sentencing judge.'" *United States v.*

---

[3] Hernandez did not raise a substantive reasonableness objection below, and we have not yet determined whether such unpreserved challenges receive abuse-of-discretion or plain error review. *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not resolve the issue here, however, because Hernandez's sentence was substantively reasonable under either standard of review.

*Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)).  Our review is limited only to whether a factor relied upon by the district court "can bear the weight assigned it under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191.  Here, the district court carefully considered a number of relevant factors, including the need to protect the public as well as specific and general deterrence.  As the district court made clear, this was "an extraordinarily horrible case, including unimaginably brutal murders and assaults by this defendant," some committed with machetes and while Hernandez was released on bail for state assault charges.  App'x 216.  While the district court considered the various mitigating factors raised by Hernandez, including the defendant's youth at the time of his offenses and his likely deportation following sentence, it determined that the countervailing factors warranted a significant sentence, a determination well within the district court's discretion.  As for the sentences imposed on Hernandez's co-defendants, the district court was not required to accord them weight, particularly where, as here, the co-defendants are not similarly situated.  *See United States v. Moses*, 109 F.4th 107, 119 (2d Cir. 2024).  Nor do any of the other mitigating factors undercut the substantive reasonableness of Hernandez's sentence.  *See, e.g.*, *United States v. Portillo*, 981 F.3d 181, 183 (2d Cir. 2020) (affirming 55-year sentence for MS-13 member who pleaded guilty to racketeering, predicated on murder of four rival gang members with machete when defendant was 15 years old); *see also United States v. Carr*, 557 F.3d 93, 108 (2d Cir. 2009) (affirming 40-year

7

sentence for racketeering, predicated on one murder, armed robbery, and narcotics distribution).

\* \* \*

We have considered the parties' remaining arguments and conclude that they are without merit. For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit